## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **AMANDA FORTIN,** on behalf of herself and others similarly situated, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 2:21-cv-1467 |
| | : | |
| **MAJESTIC CARE STAFF LLC,** | : | JUDGE |
| c/o U-B Corporation | : | |
| 1660 West 2nd Street, Suite 1100 | : | MAGISTRATE JUDGE |
| Cleveland, OH 44113 | : | |
| | : | **JURY DEMAND ENDORSED** |
| -and- | : | **HEREON** |
| | : | |
| **MAJESTIC CARE STAFF HOLDINGS** | : | |
| **LLC,** | : | |
| c/o CT Corporation System | : | |
| 334 North Senate Avenue | : | |
| Indianapolis, IN 46204 | : | |
| | : | |
| -and- | : | |
| | : | |
| **MAJESTIC CARE OHIO** | : | |
| **MANAGEMENT LLC**, | : | |
| c/o U-B Corporation | : | |
| 1660 West 2nd Street, Suite 1100 | : | |
| Cleveland, OH 44113 | : | |
| | : | |
| -and- | : | |
| | : | |
| **MAJESTIC CARE OHIO HG** | : | |
| **OPERATIONS HOLDINGS LLC**, | : | |
| c/o U-B Corporation | : | |
| 1660 West 2nd Street, Suite 1100 | : | |
| Cleveland, OH 44113 | : | |
| | : | |
| -and- | : | |
| | : | |
| **WISE MEDICAL STAFFING, INC.**, | : | |
| c/o CT Corporation System | : | |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, OH 43219 | : | |

:
Defendants.                                        :

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Plaintiff Amanda Fortin ("Named Plaintiff"), through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for her Complaint against Defendants Majestic Care Staff LLC ("Defendant Majestic Staff"), Majestic Care Staff Holdings LLC ("Defendant Majestic Staff Holdings"), Majestic Care Ohio Management LLC ("Defendant Majestic Ohio Management"), Majestic Care Ohio HG Operations Holdings LLC ("Defendant Majestic Ohio Operations") (hereinafter Defendant Majestic Staff, Defendant Majestic Staff Holdings, Defendant Majestic Ohio Management, and Defendant Ohio Operations will collectively be referred to as "Defendant Majestic Entities"), and Wise Medical Staffing, Inc. ("Defendant Wise") (hereinafter Defendant Majestic Entities and Defendant Wise will be referred to collectively as "Defendants") for their failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"); and common law. Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I.  <u>JURISDICTION AND VENUE</u>

1.      This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II.  <u>THE PARTIES</u>

### <u>Plaintiff</u>

4.      Named Plaintiff is an individual, United States citizen, and resident of the State of Ohio living in the Southern District of Ohio.

5.      At all times relevant herein, Named Plaintiff was jointly employed by Defendants as an hourly, non-exempt Nursing Assistant from approximately January 2020 to July 2020. During her employment, Named Plaintiff worked at Defendant Majestic Care's facility located at 4805 Langley Avenue, Whitehall, Ohio 43215.

6.      Named Plaintiff brings this action on behalf of herself and those similarly situated, and she has given her written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiff's consent is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b).[1]

---

1 Consent to be Party Plaintiff, attached hereto as **Exhibit A**.

**Defendants**

Defendant Majestic Entities

7.      Defendant Majestic Staff is a foreign limited liability company.

8.      Defendant Majestic Staff Holdings is a limited liability company registered to do business in the state of Indiana.

9.      Defendant Majestic Ohio Management is a domestic limited liability company.

10.     Defendant Majestic Ohio Operations is a domestic limited liability company.

11.     Defendant Majestic Entities provide community-based skilled nursing throughout the states of Indiana and Ohio, specializing in clinical services\ such as short-term rehabilitation, long-term care, and memory care.[2]

12.     Defendant Majestic Entities own and operate fifteen (15) facilities to provide skilled nursing to its patients.[3]

13.     Defendant Majestic Entities operate these facilities under numerous different registered entities in the states of Ohio and Indiana, including, but not limited to the named entities; however, they all maintain interrelated operations, centralized control of labor relations, common management, common ownership, and common financial control.

14.     Defendant Majestic Entities have authority to and do hire and fire employees, supervise and control the work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records. The Defendant Majestic Entities form a "single employer" as they are part of a single integrate enterprise and/or they are joint employers as they

---

2 See https://www.majesticcare.com/about-us/ (last viewed on March 29, 2021).
3 Defendant Majestic Entities has facilities in Avon, IN; Columbus, OH; Connersville, IN; Fort Wayne, IN; Fairfield, OH; Fairfield Assisted Living in Fairfield, OH; Jefferson Pointe in Fort Wayne, IN; Middletown, OH; Middletown Assisted Living in Middletown, OH; New Haven, IN; North Vernon, IN; Saint Anthony in Crown Point, IN; Sheridan, IN; West Allen in Fort Wayne, IN; and Whitehall, OH.

jointly operate and provide healthcare services, and they maintain interrelated operations, centralized control of labor relations, common management and common ownership and financial control.

15.     Defendant Majestic Entities have substantial control over Named Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

16.     Defendant Majestic Entities directly or indirectly control the terms and conditions of Named Plaintiff's work and the work of similarly situated employees.

17.     Defendant Majestic Entities maintained control, oversight, and direction over Named Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

18.     Upon information and belief, Defendant Majestic Entities apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations and under all of its entities, including both the named and unnamed entities, and including policies, practices, and procedures relating to payment of minimum wages, overtime wages, timekeeping, and meal deductions.

19.     Defendant Majestic Entities are individually and collectively an "employer" of Named Plaintiff and similarly situated employees as that term is defined by the FLSA.

20.     Defendant Majestic Entities have gross revenue that exceeds $500,000.00 per year.

21.     At all times relevant hereto, Defendant Majestic Entities were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

Defendant Wise

22.     Defendant Wise is a foreign corporation registered to do business in the state of Ohio.

23.     Defendant Wise provides, among other services, healthcare staffing solutions for healthcare providers, including Defendant Majestic Entities.

24.     Defendant Wise operates out of multiple facilities located in the states of Ohio, Alabama, Arkansas, Georgia, Kentucky, Mississippi, South Carolina, Tennessee, and West Virginia.

25.     Upon information and belief, Defendant Wise applies or causes to be applied substantially the same employment policies, practices, and procedures, including those relating to the payment of wages, overtime, and timekeeping.

26.     Because the work performed by Named Plaintiff and all other hourly healthcare employees benefited Defendant Wise and Defendant Majestic Entities, and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

27.     At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated healthcare employees to work. The work that Named Plaintiff and other similarly situated healthcare employees performed was for Defendants' primary benefit.

28.     Defendants were joint employers of Named Plaintiff and all other similarly situated healthcare employees at all of its locations as defined in, or for the purposes of, the FLSA and the Ohio Acts.

29.     Defendants operate, control, enterprise, and employ healthcare employees engaged in commerce or in the production of goods for commerce, or they have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for

commerce by any person. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

30.     At all times relevant hereto, Defendants were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III.     STATEMENT OF FACTS

31.     Defendants employed Named Plaintiff and other similarly situated healthcare employees as hourly, non-exempt employees.

32.     Named Plaintiff and other similarly situated healthcare employees worked, or they were scheduled to work, more than forty (40) hours in one or more workweeks.

33.     During their employment with Defendants, Named Plaintiff and other similarly situated healthcare employees were not fully and properly paid for all overtime wages because Defendants applied a 30-minute meal break deduction to their compensable hours worked, even when Named Plaintiff and other similarly situated healthcare employees were unable to take a full, uninterrupted 30-minute meal break.

34.     Specifically, Defendants required the deduction of a daily 30-minute meal break from the compensable hours worked by Named Plaintiff and other similarly situated healthcare employees.

35.     Generally, Defendants automatically deducted this 30-minute meal break from Named Plaintiff and other similarly situated healthcare employees' daily hours worked.

36.     However, Named Plaintiff and other similarly situated healthcare employees were often unable to take a meal break, took a shortened meal break, or had their meal break interrupted with job duties.

37.     Defendants' facilities were regularly understaffed and Named Plaintiff and other similarly situated employees were too busy with work to regularly take a full, 30-minute meal break.

38.     Defendants did not have a policy and/or practice that allowed Named Plaintiff and other similarly situated employees to report a missed meal break to Defendants to override the meal break deduction, or, if there was such a policy, in practice the policy was not able to be utilized.

39.     Consequently, a daily 30-minute meal break was deducted from healthcare employees' hours worked regardless of whether Named Plaintiff and other similarly situated healthcare employees received an uninterrupted 30-minute meal break.

40.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

41.     During relevant times, Defendants had knowledge of and acted willfully regarding their conduct described herein.

42.     Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages or they otherwise failed to maintain such documents and information.

43.     For the three (3) years preceding the filing of this Complaint, Defendants applied the same pay policies and practices to all similarly situated hourly, non-exempt healthcare employees, including Named Plaintiff.

44.     Named Plaintiff and other similarly situated employees have not been fully and lawfully compensated for all of their compensable hours worked due to the aforementioned policies and/or practices described herein.

45.     Defendants knew or should have been aware that Named Plaintiff and other similarly situated healthcare employees had a 30-minute meal deduction applied to their daily hours worked when they were unable to take a meal break, took a shortened meal break, and/or had their meal break interrupted with job duties.

46.     As a result of Defendants' aforementioned meal break policies and/or practices, Named Plaintiff and other similarly situated employees were not paid one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek.

47.     Further, Defendants knew or should have been aware that Named Plaintiff and other similarly situated employees worked in excess of forty (40) hours in a workweek and were entitled to be paid an overtime rate based on their regular rates of pay, as that phrase is defined under the FLSA, but Defendants willfully elected not to fully compensate its employees during all times relevant.

## IV.     COLLECTIVE ACTION ALLEGATIONS

48.     Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:  consisting of:

> All current and former hourly, non-exempt employees of Defendants who worked or were scheduled to work at least forty (40) hours in any workweek and had a meal deduction taken from their compensable hours worked, beginning three (3) years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").

49.    This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

50.    In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to company-wide unlawful payroll policies and practices described herein.  Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime at a rate of at least one-and-one-half times their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

51.    The identities of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

52.    The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V.    **RULE 23 ALLEGATIONS**

53.    Named Plaintiff brings her Ohio Acts claims pursuant to Federal Rule of Civil Procedure 23 as a class action on behalf of herself and all other similarly situated of the following class, consisting of:

All Ohio current and former hourly, non-exempt employees of Defendants who worked or were scheduled to work at least forty (40) hours in any workweek and had a meal deduction taken from their compensable hours worked, beginning two (2) years prior to the filing date of this Complaint and continuing through the date of the final disposition of this case (hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").

54.    During relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times their correct regular rates of pay, as that phrase is defined under the FLSA, for all hours worked in excess of forty (40) because of Defendants' policies and/or practices of requiring a meal break deduction to be taken even if employees do not receive an uninterrupted meal break.

55.    The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

56.    Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

57.    Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

58.    Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class whom she has undertaken to represent.

59.    Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

60.    Questions of law and fact are common to the Ohio Rule 23 Class.

61. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to its non-exempt employees.

62. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

63. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

64. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) per workweek because of the applied meal break deductions; (b) whether Defendants' violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or not paid to them.

65. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein,

or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.    CAUSES OF ACTION

### COUNT I
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

66.     All of the preceding paragraphs are realleged as if fully rewritten herein.

67.     This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

68.     During the relevant time period, Defendants employed Named Plaintiff and the FLSA Collective Members.

69.     Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

70.     Named Plaintiff and the FLSA Collective Members worked in excess of forty (40) hours in one or more workweeks during all times relevant.

71.     The FLSA requires that covered employees be compensated for every hour worked in a workweek.  *See* 29 U.S.C. § 206(b).

72.     The FLSA requires that non-exempt employees receive overtime compensation of one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

73.     Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime compensation.

74. Named Plaintiff and the FLSA Collective Members should have been paid overtime premium for all hours worked in excess of forty (40) hours per workweek during the three (3) years from the filing date of the original Complaint.

75. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by, *inter alia*, taking a meal break deduction even when their employees did not receive an uninterrupted meal break and thus failing to fully compensate them at one-and-one-half times their regular rates of pay for hours worked over forty (40) in workweeks.

76. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

77. The exact total amount of overtime compensation that Defendants failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

78. As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of herself and the FLSA Collective Members.

## COUNT II
### R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME

79. All of the preceding paragraphs are realleged as if fully rewritten herein.

80. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

81.    The Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

82.    The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); 29 U.S.C. § 207(a)(1).

83.    The Named Plaintiff and Ohio Rule 23 Class worked in excess of the maximum weekly hours permitted under R.C. § 4111.03 but were not paid overtime for all hours worked over forty (40) in a workweek for workweeks wherein they had a meal deduction taken even though they did not take an uninterrupted meal break.

84.    Defendants' company-wide corporate policies and/or practices described herein resulted in unpaid overtime wages for Named Plaintiff and Ohio Rule 23 Class.

85.    The Named Plaintiff and the Ohio Rule 23 Class were not exempt from the wage protections of the Ohio Wage Act.

86.    Defendants violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Rule 23 Class by, *inter alia*, failing to compensate them at one-and-one-half times their correct regular rates for hours worked over forty (40) in a workweek because of Defendants' meal deduction policy and/or practice as described herein.

87.    Defendants' repeated and knowing failure to pay overtime wages to Named Plaintiff and those similarly situated Ohioans constitutes violations of R.C. § 4111.03, and as such, Defendants acted willfully.

88. For Defendants' violations of R.C. § 4111.03, by which Named Plaintiff and those similarly situated Ohio employees have suffered and continue to suffer damages, Named Plaintiff and those similarly situated Ohio employees seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

## COUNT III
## R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT

89. All of the preceding paragraphs are realleged as if fully rewritten herein.

90. During relevant times, Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants.

91. During relevant times, Defendants were entities covered by the OPPA, and the Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

92. The OPPA requires Defendants to pay Named Plaintiff and Ohio Rule 23 Class all wages, including unpaid overtime, in accordance with R.C. § 4113.15(A).

93. During relevant times, Named Plaintiff and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

94. Named Plaintiff's and the Ohio Rule 23 Class Members' wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

95. Named Plaintiff and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

96. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
## NAMED PLAINTIFF'S INDIVIDUAL CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

97.     All of the preceding paragraphs are realleged as if fully rewritten herein.

98.     Named Plaintiff worked for Defendants.

99.     Defendant Wise is a medical staffing agency, and Defendant Wise placed Named Plaintiff with various companies in need of healthcare workers, including Defendant Majestic Entities.

100.    On or about July 11, 2020, Named Plaintiff was exposed to COVID-19 while working for Defendants, and Named Plaintiff reported her COVID-19 exposure to Defendants on or about that same day.

101.    Named Plaintiff went on quarantine immediately thereafter as a result of being exposed to COVID-19.

102.    Named Plaintiff's health condition worsened, and she was ultimately hospitalized in early August of 2020.

103.    Named Plaintiff was released from the hospital on or about August 5, 2020; however, she was not released by her treating physician to return to work.

104.    On or about August 8, 2020 Named Plaintiff retained counsel to file a workers' compensation claim with the Ohio Bureau of Workers' Compensation (BWC). Shortly thereafter, Defendants were made aware that Named Plaintiff hired an attorney with regard to her workers' compensation claim.

105.    Thereafter, on or about August 15, 2020, unbeknownst to Named Plaintiff, Defendants terminated Named Plaintiff's employment and removed her from their system.

106.     Named Plaintiff was unaware at that time that Defendants terminated Named Plaintiff's employment, and Defendants did not inform Named Plaintiff of the termination.

107.     In January or February of 2021, Named Plaintiff applied for unemployment benefits; however, Named Plaintiff's unemployment benefits claim was denied.

108.     In February of 2021, Named Plaintiff was informed during the unemployment benefits application process that Defendant Wise stated Named Plaintiff was terminated and removed from their system on or about August 15, 2020 because Named Plaintiff had purportedly not picked up a shift for ninety (90) days.

109.     The purported reasoning for terminating Named Plaintiff is factually inaccurate and merely pretext for the true reason of terminating Named Plaintiff, to wit, because she retained an attorney for representation related to her workers' compensation claim.

110.     Named Plaintiff was working for Defendants in July of 2020, and in fact, Named Plaintiff was exposed to COVID-19 on or about July 11, 2020 while working for Defendants.

111.     August 15, 2020 is less than ninety (90) days from July 11, 2020, so any claim that she had not picked up a shift for ninety (90) days is inaccurate.

112.     Instead, Defendants retaliated against Named Plaintiff by terminating her employment a week after she retained counsel.

113.     A clear public policy exists, as manifested in Ohio common law against terminating an employee for consulting with or retaining an attorney. Further, individuals are entitled to consult with counsel under the U.S. and Ohio Constitutions.

114.     Defendants terminated Named Plaintiff's employment because she consulted with and retained an attorney related to her employment rights and rights to workers' compensation.

115.    Terminating Named Plaintiff for consulting with an attorney jeopardizes public policy.

116.    Named Plaintiff's termination was motivated by the fact that she consulted with an attorney regarding workers' compensation. Indeed, she was terminated a week after Defendants were notified Named Plaintiff had retained her workers' compensation attorney.

117.    Defendants lacked a legitimate business justification for the termination.

118.    As a direct and proximate result of Defendants' conduct, Named Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

119.    Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages and punitive damages and all other relief available under this section.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants for an Order:

A.    Certifying the proposed FLSA collective action;

B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.    Certifying the proposed Rule 23 Class under the Ohio Acts;

D.    Finding that Defendants failed to keep accurate records, and, as such, Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E.      Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

F.      Awarding to Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G.      Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in the greater amount of $200 per violation or six percent (6%) of all unpaid overtime compensation owed to Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period;

H.      Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I.      Awarding Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class Members such other and further relief as the Court deems just and proper;

J.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing, and future violations of the FLSA and the Ohio Wage Act;

K.      Finding that Defendant Wise wrongfully terminated Named Plaintiff in violation of public policy for consulting with and retaining an attorney for her workers' compensation claim;

L.      Awarding Named Plaintiff back pay and benefits, front pay and benefits, in an amount to be determined at trial, compensatory damages, liquidated damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees and any and all other relief, which the Court deems just and appropriate with regard to the wrongful termination claim;

M. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

N. Rendering a judgment against Defendants for all damages, relief, or any other recovery whatsoever;

O. Directing Defendants to pay reasonable attorneys' fees and all costs connected with this action; and

P. Granting such other and further relief as to this Court may deem necessary, just, and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
  agedling@mcoffmanlegal.com
  khendren@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman