**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**AMANDA FORTIN,**
on behalf of herself and others
similarly situated

        Case No. 2:21-cv-1467
        **JUDGE EDMUND A. SARGUS, JR.**
        **Plaintiff,**     Magistrate Judge Elizabeth Preston Deavers

    v.

**WISE MEDICAL STAFFING, INC.,**

    **Defendant.**

**OPINION AND ORDER**

    This matter is before the Court for consideration of Plaintiff's Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs (ECF No. 27). For the following reasons, Plaintiff's motion is **GRANTED**.

    **I.    BACKGROUND**

    Plaintiff Amanda Fortin brings this class action against Defendant Wise Medical Staffing, Inc. for alleged violations of the Fair Labor Standards Act ("FLSA") and Ohio law. Defendant is a healthcare staffing corporation that operates in Ohio, Alabama, Arkansas, Georgia, Kentucky, Mississippi, South Carolina, Tennessee, and West Virginia. (Am. Compl. ¶¶ 9–10, ECF No. 8.) Plaintiff worked for Defendant and was paid on an hourly basis. According to the Amended Complaint, Defendant did not pay Plaintiff and other employees for all overtime wages because Defendant automatically applied a 30-minute or 60-minute meal break deduction even when Plaintiff and other employees were unable to take a full, uninterrupted meal break. (*Id.* ¶¶ 19–21.) Plaintiff alleges that she and other employees often worked through the meal break but Defendant

1

did not allow them to report the time and receive compensation. (*Id.* ¶¶ 22–24.) Defendant's practice, Plaintiff alleges, has occurred for at least the past three years.

Plaintiff filed this action on April 1, 2021 seeking relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq., the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.03 and 4111.08 ("the Ohio Wage Act"), and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15. (*See generally id.*) On October 29, 2021, Plaintiff filed the instant motion for conditional class certification. (ECF No. 27, "Pl.'s Mot."). Defendant filed a response in opposition (ECF No. 34, "Def.'s Resp.") and Plaintiffs filed a reply (ECF No. 37, "Pl.'s Reply"). Plaintiff's motion is ripe for review.

## II. STANDARD

Plaintiff moves for conditional certification under 29 U.S.C. § 216(b). Section 216(b) of the FLSA provides:

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover [this] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b). The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly situated;'" and (2) "must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (quoting 29 U.S.C. § 216(b)).

"For FLSA collective actions, class certification typically occurs in two stages: conditional and final certification." *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012). Conditional certification occurs at the beginning of the discovery process. *Comer*, 454 F.3d at 546.

This "notice stage" focuses on whether there are plausible grounds for plaintiffs' claims. *Cornell v. World Wide Bus. Servs. Corp.*, No. 2:14-CV-27, 2015 WL 6662919, at *1 (S.D. Ohio Nov. 2, 2015). "District courts use a 'fairly lenient standard' that 'typically results in conditional certification of a representative class' when determining whether plaintiffs are similarly situated during the first stage of the class certification process." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (quoting *Comer*, 454 F.3d at 547).

In order to obtain conditional certification a plaintiff need only show that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). A plaintiff can meet this burden by demonstrating that she and the other putative class members "'suffer from a single, FLSA-violating policy' or [that] their claims are 'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'" *Ford v. Carnegie Mgmt. Servs., Inc.*, No. 2:16-cv-18, 2016 WL 2729700, at *2 (S.D. Ohio May 11, 2016) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)).

### III.    ANALYSIS

A. **Class Certification**

Plaintiff requests that the Court conditionally certify the following class:

> All current and former hourly, non-exempt healthcare employees of Defendant who worked or were scheduled to work at least forty (40) hours in any workweek and had a meal deduction taken from their compensable hours worked, beginning three (3) years prior to the filing date of this Motion and continuing through the date of the final disposition of this case.

(Pl.'s Mot. at 1.)

Defendant does not oppose the certification of some collective class, but argues that Plaintiff's class definition is overbroad and should be limited to: (1) current or former non-exempt "staffed" employees of Wise; (2) who worked at one or more of the same locations as Fortin or any of the putative opt-in plaintiffs from whom she provides declarations; (3) in excess of 40 hours in one or more workweeks; and (4) had a meal deduction taken from their compensable hours worked in that same workweek despite indicating on their daily timesheet that they had worked through the meal break. Defendant also requests that the Court limit the notice period to 45 days instead of 90 days. (Def.'s Resp. at 2.)

**1. Limiting Class Definition to Employees at a Few Locations**

First, Defendant argues that Plaintiff and the other three current opt-in plaintiffs, Kayla Bibbee, Carly Holdren, and Paige Novaria, have only worked in Ohio. They do not have personal knowledge of Defendant's out-of-state locations and therefore the class must be limited to former and current employees who have worked for Defendant in Ohio. (Def.'s Resp. at 11.) Furthermore, Defendant argues that Plaintiff and the Current Opt-In Plaintiffs only have personal knowledge of the specific Ohio-based location where they worked. Therefore, the class definition should be limited to the locations where the Plaintiff and the Current Opt-In Plaintiffs have worked. (Def.'s Resp. at 13.)

Plaintiff responds that she has provided sufficient evidence of company-wide unlawful meal break deductions through four affidavits that provide personal knowledge of Defendant's policies in seven locations. (Pl.'s Reply at 3.) The Court agrees.

"[I]f sufficient evidence exists to show that the putative plaintiffs were subject to the same company-wide policy, [p]laintiffs need not submit declarations from every location." *McElwee v. Bryan Cowdery, Inc.*, No. 2:21-cv-1265, 2021 WL 5027410, at *4 (S.D. Ohio Oct. 29, 2021)

(approving a class that includes employees from all three of the defendant's Ohio locations even though Named Plaintiff provided direct evidence from only two locations); *Rembert v. A Plus Home Health Care Agency LLC*, No. 2:17-cv-287, 2018 WL 2015844, at *2 (S.D. Ohio May 1, 2018) (conditionally certifying a nationwide class based on one affidavit because the affidavit "suggests [the defendant's] failure to pay overtime compensation was not limited to [the plaintiff], but instead likely resulted in a policy affecting all of its home health aides."); *Musarra v. Digital Dish, Inc.*, No. C2-05-545, 2008 WL 818692, at *7 (S.D. Ohio Mar. 24, 2008) ("The Court is persuaded that illegal instructions given out, as a matter of course, at multi-facility training sessions are sufficient to warrant company-wide conditional certification."). The Court grants conditional class certification to a company-wide class and will allow notice and discovery to go forward. The Court may re-visit this issue upon request in a motion for decertification.

**2. Limiting Class Definition to "Staffed Employees"**

Defendant next argues that the proposed class of "hourly, non-exempt healthcare employees of Defendant" is vague and ambiguous. Instead, it requests that the definition be limited to "staffed employees" to differentiate between the employees staffed at client locations (like Plaintiff and Current Opt-In Plaintiffs) and Defendant's administrative employees. (Def.'s Resp. at 13.) Plaintiff responds the definition should not be limited from "healthcare employees" to "staffed employees" because discovery may reveal that administrative employees are subject to the same policies. (Pl.'s Reply at 11.)

Because Plaintiff need only show that "h[er] position is similar, not identical, to the positions held by the putative class members," and Plaintiff provides evidence that healthcare employees in general are subject to this policy, the Court declines to limit the definition to only

5

"staffed employees" at this stage. *See Comer*, 454 F.3d at 546–47 (citing *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)).

### 3. Limiting Class Definition to Employees Who Worked in "Excess of 40 Hours in a Workweek"

Defendant requests that the Court limit the class definition to employees who actually worked 40 hours in a workweek instead of employees scheduled to work at least 40 hours a week because only the employees who worked over 40 hours a week are entitled to overtime. (Def.'s Resp. at 14.) Plaintiff responds that she is willing to limit the definition to employees whose "payroll records reflect that they worked forty (40) or more hours in any workweek," and remove the "or scheduled to work" language. (Pl.'s Reply at 13.) The parties therefore substantively agree and Court approves the changed definition.

### 4. Limiting Class Definition to Employees Who Received a Meal Break Deduction Despite Recording That They Did Not Take a Meal Break

Finally, Defendant contends that the class should be limited to employees who received a meal break deduction despite following the company policy of reporting that they did not take a meal break. According to Defendant, company policy requires employees to mark "No meal," "30 minutes," or "60 minutes" on their timesheets. If the employee does not check one of the three options, a meal break deduction is automatically applied. Defendant claims that its meal deduction policy does not violate the FLSA. Therefore, it is only liable to employees who properly marked "No meal" on their timesheets but still received meal break deductions. (Def.'s Resp. at 15.)

Plaintiff responds that the definition should not be limited to employees who followed the policy because employees who did not check the box may still have a cognizable claim against Defendant. Plaintiff asserts that even if the policy is lawful, there may be evidence that the policy is unlawful or unlawfully applied. Plaintiff contends that it is not appropriate to determine whether

6

Defendant's policies violate the FLSA at the conditional certification stage. (Pl.'s Reply at 14.) The Court agrees.

Whether Defendant had lawful polices and applied the policies lawfully to their employees is an issue of fact. During the notice stage, the Court generally does not, and will not here, consider the merits of the claims, resolve factual disputes, or evaluate credibility. *E.g.*, *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011); *Lacy v. Reddy Elec. Co.*, 2011 WL 6149842 at *3 (S.D. Ohio Dec. 9, 2011).

Thus, the revised class definition is as follows:

> All current and former hourly, non-exempt healthcare employees of Defendant **whose payroll reflects that they worked at least forty (40) hours in any workweek** and had a meal deduction taken from their compensable hours worked, beginning three (3) years prior to the filing date of this Motion and continuing through the date of the final disposition of this case.

(emphasis on altered language).

### B. Notice Period

Defendant asserts that the notice period should be 45 days instead of 90 days because recent cases in this Court have approved periods of 45 days. (Defs.' Resp. at 18.) Plaintiff replies that a 90-day period is necessary because there are potential plaintiffs from nine different states in many different locations and there are mail delays due to the pandemic. (Pl.'s Reply at 17.) The Court finds that a 90-day Opt-In period is warranted because the class spans multiple states and employment locations.

### C. Requirement to Confer as to Contents of the Notice

Finally, Defendant requests that the Court require the parties to collaborate on the form and content of the notice because Plaintiff mischaracterizes the meal break deduction policy, and Defendant objects to the notice period and class definition. (Defs.' Resp. at 18.) Plaintiff replies

7

that Defendant did not lodge a specific complaint against the notice form and the Court should deny this request. (Pl.'s Reply at 19.) It is preferable that the parties agree on the contents of the notice. Accordingly, the Court **ORDERS** the parties to confer on the notice's characterization of the meal break deduction policy. The other objections have been decided by this Opinion. The parties shall submit a joint proposed notice form within **FOURTEEN DAYS** of this Opinion and Order. If the parties are unable to reach an agreement, each party should submit its proposed notice and plan.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Conditional Class Certification (ECF No. 27) is **GRANTED** subject to the conditions of this Opinion and Order. The parties are **ORDERED** to confer as to the proper form of notice and submit a proposed notice form within **FOURTEEN (14) DAYS** of this Opinion and Order.

**IT IS SO ORDERED.**

**5/10/2022**                                                         **s/Edmund A. Sargus, Jr.**
**DATED**                                                           **EDMUND A. SARGUS, JR.**
                                                                    **UNITED STATES DISTRICT JUDGE**