**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **AMANDA FORTIN**, on behalf of herself and others similarly situated, | : : : | |
| Plaintiff, | : : | CASE NO. 2:21-cv-1467 |
| v. | : : : | JUDGE EDMUND A. SARGUS, JR. |
| **WISE MEDICAL STAFFING, INC.**, | : : | MAGISTRATE JUDGE ELIZABETH A. PRESTON DEAVERS |
| Defendant. | : : | |

## JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Representative Plaintiff Amanda Fortin ("Representative Plaintiff") and Defendant Wise Medical Staffing, Inc. ("Defendant") (collectively, Representative Plaintiff and Defendant referred to as the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") collective action settlement. The settlement was reached by experienced wage and hour counsel after arms-length, good faith settlement negotiations.

The following documents are submitted for the Court's approval:

**Exhibit 1**: Collective Action Settlement Agreement and Release (the "Agreement" or "Settlement") and Exhibit 1A – List of Opt-In Plaintiffs;

**Exhibit 2**: Proposed Notice of Settlement of Collective Action Lawsuit;

**Exhibit 3**: Declaration of Adam C. Gedling ("Gedling Decl."); and

**Exhibit 4**: Proposed Order Granting Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice.

For the reasons set forth in the attached Memorandum in Support, the Parties respectfully request that the Court approve the FLSA settlement reached by the Parties and dismiss this case with prejudice.

Respectfully Submitted,

| **COFFMAN LEGAL** | **THOMPSON HINE LLP** |
|---|---|
| *s/ Adam C. Gedling* | *s/ M. Scott Young* |
| Matthew J.P. Coffman (0085586) | M. Scott Young (0062400) |
| Adam C. Gedling (0085256) | 312 Walnut Street, Suite 2000 |
| Kelsie N. Hendren (100041) | Cincinnati, Ohio 45202 |
| Tristan T. Akers (0102298) | Telephone: (513) 352-6700 |
| 1550 Old Henderson Rd. | Facsimile: (513) 241-4771 |
| Suite 126 | Email: Scott.Young@ThompsonHine.com |
| Columbus, OH 43220 | |
| Phone: 614-949-1181 | Nancy M. Barnes (0074744) |
| Fax: 614-386-9964 | 3900 Key Center |
| Email: mcoffman@mcoffmanlegal.com | 127 Public Square |
|        agedling@mcoffmanlegal.com | Cleveland, OH 44114 |
|        khendren@mcoffmanlegal.com | Phone:   (216) 566-5500 |
|        takers@mcoffmalegal.com | Fax:       (216) 566-5800 |
| | Email: Nancy.barnes@thompsonhine.com |
| *Attorneys for Named Plaintiff,* | |
| *Amanda Fortin, and others similarly situated* | *Attorneys for Defendant Wise Medical Staffing, Inc.* |

**MEMORANDUM IN SUPPORT**

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

    A.  **Summary of the Claims and Defenses**

Representative Plaintiff filed this case on behalf of herself and others similarly situated on April 1, 2021 (the "Action"). In the Action, Representative Plaintiff asserts claims against Defendant under the Fair Labor Standards Act ("FLSA") and Ohio law. Gedling Decl., Ex. 3, ¶¶ 9–10. Specifically, Representative Plaintiff alleges that Defendant failed to pay her and others similarly situated for all overtime hours worked as a result of Defendant applying a 30 or 60-minute meal break deduction to its healthcare employees' daily hours worked even though they were often unable to take a meal break, took a shortened meal break, or had their meal break interrupted with job duties. Defendant denies these allegations and maintains that it properly compensated all employees at all relevant times. After exchanging payroll and timekeeping records, preparing a damages analysis, and engaging in good faith settlement negotiations, the Parties reached a settlement. *Id.*, ¶¶ 12-13.

    B.  **Summary of Key Settlement Terms**

The total settlement amount is $70,000.00 (the "Global Settlement Fund"). This amount includes: (a) all individual payments to Plaintiffs (as that term is defined in the Agreement); (b) a payment to Representative Plaintiff for her service to the class and for her individual wrongful termination claim; and (c) Plaintiffs' counsel's attorneys' fees and litigation expenses.[1] *Id.*, ¶ 14. In addition to the total settlement of $70,000.00, Defendant is responsible for paying 100% of the costs for settlement administration.

If the Court approves the Settlement, then a Notice of Settlement of Collective Action

---

[1] The overall settlement reached by the Parties, as memorialized in the Agreement, is referred to herein as the "Settlement."

Lawsuit (Exhibit 2) and settlement award payment will be sent to Representative Plaintiff and all other opt-in plaintiffs ("Opt-In Plaintiffs") who joined the Action (collectively, Representative Plaintiff and Opt-In Plaintiffs are referred to as "Plaintiffs"). In exchange for the total settlement amount and other consideration provided for in the Agreement, this lawsuit will be dismissed with prejudice, and Plaintiffs will release Defendant from all federal, state, and local wage-and-hour claims, rights, demands, liabilities, and causes of action that were asserted, or could have been asserted, under the FLSA or any other applicable state or local wage-and-hour law relating to unpaid and/or untimely payment of wages, overtime, liquidated damages, attorneys' fees, litigation costs, expenses, penalties, interest, and service awards. Gedling Decl., Ex. 3, ¶ 17.

In addition to the settlement payments to Plaintiffs, the Agreement also calls for a payment to Representative Plaintiff in the amount of $15,000 in recognition of her service to the collective, as well as to resolve her individual claim for wrongful discharge in violation of public policy[2], for which she will execute a separate general release of claims in favor of Defendant. The Agreement also calls for payment to Plaintiffs' counsel of $20,000.00 (or one-third of the Global Settlement Fund, less $3,333.33) for attorneys' fees and $6,323.00 for reimbursement of their litigation expenses incurred in the prosecution of this Action. *Id.*, ¶¶ 15, 27, 29.

II. **PROPRIETY OF APPROVAL OF THE SETTLEMENT**

    A. **The Overall Settlement Is Fair, Reasonable, and Adequate.**

The court presiding over the settlement of an FLSA collective action may approve a proposed settlement if it finds that the settlement is "fair, reasonable, and adequate." *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 WL 6536342, at *4 (S.D. Ohio Sept. 25, 2020) (Rice, J.)

---

[2] *See* Plaintiff's First Amended Collective and Class Action Complaint for Violations of the Fair Labor Standards Act and Ohio Law, Count IV (ECF No. 8, PAGEID #80-82).

(citing *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). A district court looks to the following seven (7) factors in determining whether a collective action settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Id.* "While these factors are helpful in guiding the analysis, the 'fairness of each settlement turns in large part on the bona fides of the parties' legal dispute,' that is, whether there are real issues and risks in the case that would lead each party to opt toward settlement." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 WL 1614822, at *2 (N.D. Ohio Mar. 26, 2019) (quoting *UAW*, 497 F.3d at 631). Application of these principles to this Settlement demonstrates that approval of the Parties' Settlement is warranted.

    1.    *No indicia of fraud or collusion exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *3 (N.D. Ohio Oct. 10, 2018) (internal quotation marks and further citation omitted). Here, the Agreement was achieved only after arms'-length and good faith negotiations between the Parties with the assistance of a neutral mediator appointed by this Court, and after each Party had the opportunity to evaluate Defendant's time and payroll data to determine the potential damages at issue if this case were to continue. As such, because there is no indicia of fraud or collusion, this factor favors approval of the Settlement.

    2.    *The complexity, expense, and likely duration of continued litigation favor approval.*

Page 5 of 14

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 WL 3966253, at *3 (S.D. Ohio Aug. 17, 2018) (Watson, J.) (citations omitted) ("Most class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them."). Moreover, the Parties disagree over the merits of Plaintiffs' claims as well as whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, and whether Plaintiffs would be entitled to liquidated damages if they were to prevail on the merits. Defendant vigorously denies that it did not pay wages as required under the law to the Plaintiffs.

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to Plaintiffs promptly and efficiently and amplifies the benefits of that relief through the economies of class/collective resolution. Gedling Decl., Ex. 3, ¶ 26.

3. *Investigation was sufficient to allow the parties to act intelligently.*

The Parties engaged in substantial investigation prior to negotiating the Settlement. Defendant produced Plaintiffs' payroll and timekeeping records. *Id.*, ¶ 12. Plaintiffs reviewed those records and created a damages model, and Plaintiffs' counsel also spent considerable time discussing Plaintiffs' experiences to gather necessary information to inform the settlement discussions. *Id.* As such, the Parties were able to perform a detailed analysis of the risks and possible outcomes of this case and the potential damages should Plaintiffs prevail on their claims, which allowed the Parties to negotiate a settlement based on facts and data. *Id.* ¶ 13.

Additionally, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well understood by both sides.

    4.    *The risks of litigation favor approval.*

Counsel for each Party believes in the merits of its respective clients' positions while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises various defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that Plaintiffs could receive no compensation, or, if they do receive any compensation, it will be only after protracted litigation. By settling the case at this relatively early stage of the litigation, the Parties bypass the inherent risks of litigation and achieve finality on this matter. This factor favors approval of the Settlement. *Satterly*, 2020 WL 6536342, at *6 ("[T]he settlement provides relief to the settlement class members and eliminates the risks that the Parties would otherwise bear if the litigation were to continue on for years, which favors this factor.").

    5.    *Plaintiffs' counsel's recommendation favors approval.*

The Parties' Counsel are experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented their clients' best interests in reaching the Settlement. Plaintiffs' Counsel supports the Settlement as fair and reasonable, and in the best interest of Plaintiffs, as described in the Declaration of Adam C. Gedling. Gedling Decl., Ex. 3, ¶ 22. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright*, 2018 WL 3966253, at *5. Accordingly, this factor favors approval of the Settlement.

    6.    *The reaction of absent class members favors approval.*

If the Court approves the Settlement, the Plaintiffs will receive a settlement award payment that in the Parties' Counsel's opinion is fair and reasonable and recommended by the mediator. Plaintiffs' Counsel has not received any indication that any of the Plaintiffs would have an objection to this Settlement. Gedling Decl., Ex. 3, ¶ 22.

       7.    *The public interest favors approval.*

As the Sixth Circuit noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on Plaintiffs, avoids the risks and expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the Settlement.

    **B.**    **The Settlement Distributions Are Fair, Reasonable, and Adequate.**

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-cv-2643, 2016 WL 4721208, at *6 (S.D. Ohio Sept. 9, 2016) (Marbley, J.) (citation omitted). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable, and adequate for Plaintiffs.

       1.    *The individual payments are reasonable and adequate.*

The Settlement compensates Plaintiffs for alleged unpaid overtime wages on a *pro rata* basis based on the amount of alleged unpaid overtime owed to Plaintiffs as calculated by Plaintiffs' counsel. "This ensures an equitable distribution of settlement proceeds that is directly tied to the

claims of and harm allegedly suffered by the settlement class members and will provide them with a proportionate share of the settlement funds." *Satterly*, 2020 WL 6536342, at *8. As such, each Plaintiff will receive an individual settlement payment that represents approximately 96% of their calculated unpaid overtime damages as determined by Plaintiffs' counsel (which alleged owed wages are *denied* in their entirety by Defendant as being owed because Defendant contends that all Plaintiffs were always correctly paid), even after deducting attorney fees, costs, and the individual payment to Representative Plaintiff for her individual wrongful termination claim and service to the class. All Plaintiffs whose individual settlement payment calculation does not exceed $50.00 will receive a settlement payment of that amount. Gedling Decl., Ex. 3, ¶ 18.

        2.     *Representative Plaintiffs' service award is proper and reasonable.*

The Settlement provides for a payment of $15,000 to Representative Plaintiff in addition to her individual unpaid overtime settlement payment. This payment represents a service award for Representative Plaintiff for her time and service to the class, as well as a settlement payment to resolve Representative Plaintiff's individual claim for alleged wrongful discharge. Specifically, this payment is composed of $2,000 for the service award, and $13,000 for approximately two (2) months of accrued back pay and liquidated damages which represents a reasonable settlement of her individual claim of wrongful termination in this action. Gedling Decl., Ex. 3, ¶ 15.

Courts routinely approve service awards to representative plaintiffs in class and collective action litigation because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Thus, service awards are "routinely approved for the simple reason to compensate named plaintiffs for the services they provided and the risks

they incurred during the course of the class action litigation." *Satterly*, 2020 WL 6536342, at *8 (citation omitted).

Here, Representative Plaintiff contributed significant time, effort, and detailed factual information, enabling Plaintiffs' counsel to evaluate the strength of this case and reach a settlement of this matter that, in Plaintiffs' counsel's opinion, fairly and adequately compensates the collective for alleged unpaid wages. Further, Representative Plaintiff is entering into a general release of all claims against Defendant, including, but not limited to, her individual claim for wrongful discharge contained in the Action as Count IV. In addition, this Service Award amount which resolves Representative Plaintiff's individual claim for wrongful discharge was negotiated on top of and in addition to the calculation of unpaid overtime damages for the collective action claims, and the net settlement payments to the Plaintiffs, after deducting attorney fees, costs, and the individual payment to Representative Plaintiff, represents approximately 96% of their calculated unpaid overtime damages. As such, the time, efforts, and general release Representative Plaintiff provided supports the requested service payment. Gedling Decl., Ex. 3, ¶ 15.

   3. *The requested attorneys' fees to Plaintiffs' counsel are proper and reasonable.*

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs, it may review the Parties' agreement as to the provision of fees and costs to Plaintiffs' Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances" and thus "encourage[s] the vindication of congressionally identified policies and rights." 19 F.3d 1126, 1134 (6th Cir. 1994) (quoting *United*

*Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984)).

Here, Plaintiffs are requesting that the Court approve reasonable attorneys' fees of $20,000.00, which represents one-third (1/3) of the settlement fund, less $3,333.33. Gedling Decl., Ex. 3, ¶ 27. "The Sixth Circuit has approved a court's use of the percentage-of-the-fund method to determine a reasonable attorney's fee from a common fund settlement." *Satterly*, 2020 WL 6536342, at *10 (citing *Rawlings v. Prudential Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993)). Indeed, the "percentage of the fund has been the preferred method for common fund cases, where there is a single pool of money and each class member is entitled to a share." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 789 (N.D. Ohio 2010).

This conclusion was recently reiterated in *Harsh v. Kalida Manufacturing, Inc.*, No. 3:18-cv-2239, 2021 WL 4145720 (N.D. Ohio Sept. 13, 2021). In *Harsh*, the court held that while a court can utilize either the percentage-of-the-fund or the lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at *8. In contrast, in cases involving a common settlement fund, the court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions in this District." *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) (Morrison, J.); *see Myres v. Hopebridge, LLC*, No. 2:20-cv-5390, 2023 WL 2399056, at *6 (S.D. Ohio Feb. 21, 2023) (Sargus, J.); *Smith v. Local Cantina, LLC*, No. 2:20-cv-03064, 2022 WL 1183325, at *7 (S.D. Ohio Apr. 19, 2022) (Graham, J.); *O'Neil v. Miller Pipeline, LLC*, No. 2:20-cv-4034, 2021 WL 5376235, at *2 (S.D. Ohio Nov.

2, 2021) (Watson, J.); *Harsh*, 2021 WL 4145720, at *8; *Bailey v. Paradies Shops, LLC*, No. 2:20-cv-2610, 2021 WL 3662466, at *6 (S.D. Ohio Aug. 18, 2021) (Deavers, M.J.) (finding a one-third attorney fees request to be reasonable and noting that "[d]istrict courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount"); *Mullins v. Data Mgmt. Co.*, No. 1:20-cv-214, 2021 WL 2820560, at *6, *8 (S.D. Ohio June 21, 2021) (McFarland, J.); *Arp v. Hohla & Wyss Enters., LLC*, No. 3:18-cv-119, 2020 WL 6498956, at *6 (S.D. Ohio Nov. 5, 2020) (Rice, J.). This requested attorneys' fees amount "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (Rice, J.) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018)); *see also Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 WL 6485159, at *6 (S.D. Ohio Dec. 3, 2019) (Vascura, M.J.) (approving an award of one-third of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, No. 2:18-cv-00696, 2019 WL 5307071, at *15 (S.D. Ohio Oct. 21, 2019) (Marbley, C.J.) (same); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 WL 1614822, at *5 (N.D. Ohio Mar. 26, 2019) (same); *Wright*, 2018 WL 3966253, at *6–7 (Watson, J.) (same).

Furthermore, Plaintiffs' counsel accepted this case on a contingency fee basis and advanced all litigation fees, costs, and expenses. Gedling Decl., Ex. 3, ¶ 27. Thus, Plaintiffs' counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci*, 2019 WL 6485159, at *7.

Further, while the global settlement fund is $70,000.00, this amount does not include the estimated $6,857.00 cost for the settlement administration. Defendant is paying 100% of this cost outside of the global settlement fund. In addition, in light of the Court's January 4, 2024 Opinion

and Order (ECF No. 61), Plaintiffs' counsel has reduced their attorney fees by $3,333.33, which makes the net settlement payments to Plaintiffs approximately 96% of their total calculated unpaid overtime damages as determined by Plaintiffs' counsel. Gedling Decl., Ex. 3, ¶¶ 14, 16, 27. Defendant, while agreeing to this settlement to resolve this case, contends that all Plaintiffs were correctly paid for any overtime work historically by Defendant and that no overtime wages are owed at all to any Plaintiff.

        4. *The Court should authorize reimbursement to Plaintiffs' counsel of their out-of-pocket expenses incurred in this case.*

Plaintiffs' counsel should also be reimbursed for their out-of-pocket expenses and costs in the amount of $6,323.00. This amount does not include the costs and expenses that were incurred for the filing fee and process server, and instead only includes the cost for a third-party notice administrator to administer notice. Gedling Decl., Ex. 3, ¶ 29. Further, these costs do not include the costs of settlement administration, which Defendant is paying outside of the global settlement fund. Gedling Decl., Ex. 3, ¶¶ 14, 16. Thus, the costs were necessary to file and serve the complaint, and issue notice to the putative collective members. "Under the common fund doctrine, Plaintiffs' Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg*, 2019 WL 6310376, at *7. In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.*

### III.   CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal

With Prejudice; (2) approve Plaintiffs' counsel's request for attorneys' fees and expenses; (3) approve the requested service payment; and (4) retain jurisdiction to enforce the settlement if necessary.

Respectfully Submitted,

| **COFFMAN LEGAL** | **THOMPSON HINE LLP** |
|---|---|
| *s/ Adam C. Gedling* <br> Matthew J.P. Coffman (0085586) <br> Adam C. Gedling (0085256) <br> Kelsie N. Hendren (100041) <br> Tristan T. Akers (0102298) <br> 1550 Old Henderson Rd. <br> Suite 126 <br> Columbus, OH 43220 <br> Phone: 614-949-1181 <br> Fax: 614-386-9964 <br> Email: mcoffman@mcoffmanlegal.com <br> agedling@mcoffmanlegal.com <br> khendren@mcoffmanlegal.com <br> takers@mcoffmalegal.com <br><br> *Attorneys for Named Plaintiff,* <br> *Amanda Fortin, and others similarly situated* | *s/ M. Scott Young* <br> M. Scott Young (0062400) <br> 312 Walnut Street, Suite 2000 <br> Cincinnati, Ohio 45202 <br> Telephone: (513) 352-6700 <br> Facsimile: (513) 241-4771 <br> Email: Scott.Young@ThompsonHine.com <br><br> Nancy M. Barnes (0074744) <br> 3900 Key Center <br> 127 Public Square <br> Cleveland, OH 44114 <br> Phone: (216) 566-5500 <br> Fax: (216) 566-5800 <br> Email: Nancy.barnes@thompsonhine.com <br><br> *Attorneys for Defendant Wise Medical Staffing, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2024, a copy of the foregoing was filed electronically on the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

*/s/ Adam C. Gedling* <br> Adam C. Gedling