UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMANDA FORTIN, on behalf of
herself and all others similarly situated,

    Plaintiff,

  v.

WISE MEDICAL STAFFING, INC.,

    Defendant.

Case No. 2:21-cv-1467
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

**OPINION AND ORDER**

This matter is before the Court on the Parties' revised Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. (Jt. Mot., ECF No. 66.) For the reasons stated below, the Joint Motion is **GRANTED**.

**BACKGROUND**

On August 30, 2023, the Mediator in this Fair Labor Standards Act case notified the Court that the Parties had reached a settlement. (ECF No. 55.) On October 17, 2023, the Parties then filed their first Joint Motion, in which they moved the Court to approve their proposed collective action settlement agreement and release ("Settlement Agreement"). (ECF Nos. 60-1, 56-1.) The Court denied the Joint Motion without prejudice because the amount available for the collective members to recover (the "Collective Fund") was unreasonably low. (Order, ECF No. 61, at PageID # 596–97.) The Court noted that the service award to Representative Plaintiff was unreasonably high, and that the recovery for Plaintiffs' counsel was disproportionate to the amount reserved for the Collective Fund. (*Id.*)

The Parties filed the revised Joint Motion on March 14, 2024. (Jt. Mot., ECF No. 66.) The

total settlement amount proposed by the Parties remains $70,000. (*Id.*, at PageID # 606.) According to the Joint Motion, of that $70,000, $15,000 will be paid to Representative Plaintiff in recognition of her service to the collective and to resolve her individual claim for wrongful discharge, $20,000.00 will be paid to Plaintiffs' counsel for attorneys' fees, $6,323.00 will be paid to Plaintiffs' counsel for reimbursement of their litigation expenses incurred in the prosecution of this case, and the remaining amount ($28,677) will be paid to individuals in the collective via the Collective Fund. (*Id.*)

## ANALYSIS

To determine whether a proposed FLSA settlement is fair and reasonable, this Court considers: "(1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement." *Clevenger v. JMC Mech., Inc.*, No. 2:15-CV-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015). "Additionally, when a settlement agreement proposes an award of attorney's fees, such fees must be reasonable." *Id.*; 29 U.S.C. § 216(b) (A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."). Considering the relevant factors here, the Court finds that the proposed settlement is reasonable.

There is no evidence of fraud or collusion here. Moreover, settlement prevents the parties from needing to engage in extensive discovery and briefing, trial, and potential appeals—all of which would be costly to the parties and delay relief to the Collective. (*See* ECF No. 66, at PageID # 608–11.)

Representative Plaintiff's service award is reasonable. The Joint Motion clarifies that Representative Plaintiff is receiving a $15,000 payment, with $2,000 constituting her service

award and $13,000 constituting her payment for release of her wrongful termination claim. (Jt. Mot., ECF No. 66, at PageID # 612.) The $13,000 payment is for two months of accrued back pay and liquidated damages resulting from her alleged wrongful termination. (*Id.*) A $2,000 individual service award payment is reasonable. *See, e.g.*, *Yorba v. Barrington Sch., LLC*, No. 2:21-CV-691, 2022 WL 2436952, at *5 (S.D. Ohio July 5, 2022) (finding a $2,000 service award reasonable).

Plaintiffs' counsel's recovery is reasonable as well. Plaintiffs' counsel will receive a $20,000 payment for attorneys' fees. This amounts to less than one-third of the total settlement amount, and it is reasonable. *See, e.g.*, *Adams v. Frontier R.R. Servs., LLC*, No. 2:19- CV-808, 2020 WL 9936704, at *2 (S.D. Ohio June 15, 2020) (finding attorneys' fees in the amount of one-third of the total settlement amount are reasonable). Reimbursement of their out-of-pocket expenses and costs—amounting to $6,323.00—is similarly reasonable. *See Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, at *7 (S.D. Ohio Nov. 25, 2019).

After deducting the individual payment to Representative Plaintiff, attorney fees, and costs, the plaintiffs stand to recover approximately 96% of their calculated unpaid overtime damages. (Jt. Mot., ECF No. 66, at PageID # 613.) This figure is much greater than the recovery in the initial proposed settlement. (ECF No. 60, at PageID # 552–53.) This is a strong recovery for the Collective, and indicative of the settlement's overall reasonableness.

## CONCLUSION

The parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice is **GRANTED**. (ECF No. 66.) The Clerk is **DIRECTED** to enter judgment dismissing this case with prejudice. This case is closed. The Court retains jurisdiction over the action to enforce the terms of the Settlement.

3

**IT IS SO ORDERED.**

**4/22/2024**                                           **s/Edmund A. Sargus, Jr.**
**DATE**                                                   **EDMUND A. SARGUS, JR.**
                                                               **UNITED STATES DISTRICT JUDGE**